1  DEBORAH E. BRADY-DAVIS
   State Bar No. 141142
2  Law Office of Deborah E. Brady-Davis
   3322 Sweetwater Springs Blvd., Suite 208
3  Spring Valley, California 91977
4  Telephone: (619) 660-2333
   Facsimile:  (619) 660-2351
5

6  Attorney for Plaintiff,
7  CHERYL R. LEE

FILED

08 JUL -9 PM 12:47

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

CHERYL R. LEE, an individual,

　　　　Plaintiff,

　　　v.

LVNV FUNDING, LLC, a Business Entity, PROVIDIAN VISA, a Business Entity Form Unknown, ESKANOS & ADLER, a Professional Corporation, and DOES 1-25, inclusive

　　　　Defendants.

Case No. '08 CV 1225 H AJB

COMPLAINT FOR DAMAGES FOR:

1. **VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT** 15 U.S.C. SECTION 1692 ET. SEQ.;

2. **VIOLATIONS OF FAIR CREDIT REPORTING ACT** 15 U.S.C. SECTION 1681 ET. SEQ.;

3. **NEGLIGENCE;**

4. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

5. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200**

**JURY TRIAL DEMANDED**

/////
/////

COMPLAINT FOR DAMAGES

## I.
## INTRODUCTION

1. This is an action for damages brought by an individual consumer alleging, among other things, Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et. seq. (hereinafter "FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. Section 1681 et seq. (hereinafter "FCRA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. **Plaintiff demands a jury trial.**

## II.
## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. Section 1692k(d) and 28 U.S.C. Section 1337, and under the doctrine of pendant jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966)

## III.
## PARTIES

3. Plaintiff, Cheryl R. Lee (hereinafter "Ms. Lee" or "Plaintiff") is a natural person residing in the county of San Diego, California. Ms. Lee is a consumer as defined in 15 U.S.C. Sec. 1692a(3).

4. Plaintiff alleges on information and belief that Defendant, LVNV Funding (hereinafter "LVNV"), is now, and at all times mentioned in this Complaint was, a Limited Liability Company, doing business in the State of California, County of San Diego. Plaintiff is informed and believes, and thereon alleges, that Defendant is engaged in the business of debt collection and regularly attempts to collect debts alleged to be due another.

5. Plaintiff alleges on information and belief that at all times mentioned in this Complaint, Defendant LVNV was, and is, a Limited Liability Company. The state under which Defendant is organized and existing is presently unknown to Plaintiff; however, on information and belief, Plaintiff alleges that Defendant's principal place of business is in Evansville, Indiana.

6. Plaintiff is informed and believes and thereon alleges that Defendant LVNV is in the business of purchasing various types of consumer debt from banks, finance companies, and other creditors. Plaintiff is further informed and believes and thereon alleges that after purchasing the consumer debt from the original creditor, Defendant LVNV proceeds itself to attempt to collect the debt directly from the consumer thereby eliminating any further involvement of the original creditor.

7. Plaintiff alleges on information and belief that Defendant, Providian VISA (hereinafter "Providian"), is now, and at all times mentioned in this complaint was, a business entity, form unknown, doing business in many jurisdictions within the United States of America, including the State of California, County of San Diego. Plaintiff is informed and believes, and thereon alleges, that Defendant is engaged in the business of extending consumer credit (credit cards) to individuals and entities, and subsequently engaging in debt collection activity to collect the consumer credit it has extended.

8. Plaintiff alleges on information and belief that Defendant, ESKANOS & ADLER (hereinafter "Law Firm"), is now, and at all times mentioned in this complaint was, a Professional Corporation, doing business in the State of California, County of San Diego. Plaintiff is informed and believes, and thereon alleges, that Defendant is a law firm engaged in the business of debt collection and regularly attempts to collect debts alleged to be due another.

9. Plaintiff is informed and believes, and thereon alleges, that at all times relevant to this Complaint, Defendant LVNV was subject to all of the provisions of the federal Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA"), and the federal Fair Credit Reporting Act, 15 U.S.C. Section 1681 et seq. ("FCRA").

10. Plaintiff is informed and believes, and thereon alleges, that each and every Doe defendant is and at all times relevant herein was, the agent, employee, or alter ego of each of the remaining defendants, and in committing the acts herein alleged, was acting in the scope of their authority as such agents, employees or alter egos, and with the permission and consent of the remaining defendants. Plaintiff is presently unaware of the

names and identities of the persons or entities sued herein as "Does 1-25 inclusive". Plaintiff will seek leave to amend this Complaint to set forth the precise names and identities of any Doe defendants as soon as such information is ascertained by Plaintiff.

## IV.
## FACTUAL ALLEGATIONS

11. Ms. Lee repeats, realleges and incorporates by reference paragraphs 1 through 10 of the within Complaint as though set forth in full hereat.

12. In or around June 1996, Plaintiff opened a credit card with Defendant Providian Visa. The account remained open until approximately March 31, 2002. As a credit card/installment debt, Plaintiff's Providian Visa account was at all times subject to the provisions of both the federal Fair Debt Collections Practices Act, and the federal Fair Credit Reporting Act,

13. Sometime in or around March or April 2002, Plaintiff negotiated a full settlement of Plaintiff's credit card account with Defendant Providian Visa. The terms of Plaintiff's settlement were that in exchange for Plaintiff's lump sum payment to Defendant Providian Visa of the total sum of $2,000, Providian Visa agreed that Plaintiff's credit card account would be deemed settled in full and no further attempts to collect any amounts from Plaintiff would occur. In reliance on the terms of this settlement agreement, Plaintiff remitted a $2,000 cashiers check to Providian Visa in April 2002, which was negotiated by Providian Visa on or about April 19, 2002. Thus, Plaintiff reasonably believed that any and all disputes or controversies regarding her Providian Visa account were settled and resolved in full.

14. In or around the fall of 2005, Plaintiff began to receive repeated and harassing telephone calls and messages from an employee of Defendant ESKANOS & ADLER ("Law Firm") who identified herself as "Kathy Deluca". Sometimes Plaintiff received several telephone calls from Law Firm in one day. At no time did Kathy Deluca disclose that she was attempting to collect on Plaintiff's closed and paid Providian Visa. As such,

1  Plaintiff did not know that the LVNV account that Ms. Deluca sought to collect from
2  Ms. Lee was actually Plaintiff's paid Providian Visa.

15. On or about March 22, 2006, Plaintiff obtained a copy of her credit report from a prospective creditor in an unrelated transaction. At that time, Plaintiff learned for the first time that Defendant LVNV was associated with Providian Financial Visa. Immediately upon learning of the connection between Defendants LVNV and Law Firm with Defendant Providian Visa, Ms. Lee provided LVNV with a copy of the cashiers check as proof that the Providian Visa account had been paid. Ms. Lee provided proof of payment to Defendant LVNV on or around March 22, 2006.

16. Despite Defendant LVNV's actual knowledge on or around March 22, 2006 that the Providian Visa account had been completely settled in full and that payment had been remitted to Defendant Providian Visa approximately four (4) years earlier, Defendant LVNV nonetheless proceeded to, and did, levy Ms. Lee's bank account on or about May 1, 2006. Further, Defendant LVNV falsely reported on Plaintiff's credit report that she owed money for this debt to LVNV.

## V.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. SECTION 1692 ET.SEQ.

## AS APPLIED TO DEFENDANTS LVNV and LAW FIRM

17. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as though set forth in full hereat.

18. Defendants LVNV and LAW FIRM violated 15 U.S.C. Section 1692 by:
   a) Misrepresenting that an alleged dept was owed by Ms. Lee;
   b) Demanding payment of an alleged debt without giving adequate notice to Plaintiff of the right to demand verification;

    c) Knowingly and willfully attempting to levy property for which no debt was owed by Ms. Lee in an attempt to coerce payment by Plaintiff of a debt known to Defendants to have already been paid;

    d) Commencing legal action against Plaintiff in an attempt to recover additional payments from Plaintiff on the fully settled and paid Providian Visa account;

    e) Falsely representing that Plaintiff was properly served with legal process in order to facilitate Defendant's recovery of a bogus judgment against Plaintiff on the Providian Visa account that had already been settled and paid by Plaintiff, when in reality, Plaintiff was never served with legal process.

19. As a result of Defendants, and each of them violating the FAIR DEBT COLLECTION PRACTICES ACT as codified at 15 U.S.C. SECTION 1692 ET.SEQ. Ms. Lee has suffered actual damages, including emotional distress, damage to her credit rating, shame, humiliation and disgrace. As a direct and proximate cause of these violations, Ms. Lee is entitled to an award of statutory damages, actual damages, costs, and attorney's fees, in an amount to be proven at trial.

20. Ms. Lee employed Deborah E. Brady-Davis, an attorney licensed to practice law in all courts of the State of California, and in the UNITED STATES DISTRICT COURT, Southern District of California, to bring this action and will incur costs of the suit herein. The reasonable value of the services rendered to date by the attorney and to be rendered by the attorney to Ms. Lee will be in a sum to be determined and proven at trial.

/////
/////
/////
/////
/////
/////
/////

## VI.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF FAIR CREDIT REPORTING ACT

## 15 U.S.C. SECTION 1681 ET. SEQ.

## AS APPLIED TO DEFENDANTS LVNV, PROVIDIAN, and LAW FIRM

21. Plaintiff realleges and incorporates by reference paragraphs 1 through 20 as though set forth in full hereat.

22. Defendants, and each of them, violated 15 U.S.C. Section 1681 et seq. by knowingly and willfully reporting false credit information regarding Plaintiff, Cheryl Lee. Specifically, Defendants, and each of them, have caused Plaintiff's credit report to falsely reflect an outstanding account balance due and owing by Plaintiff to Defendants LVNV and Providian Visa. Such false credit reporting is a violation of the Fair Credit Reporting Act as codified at 15 U.S.C. Section 1681 et seq.

23. As a result of Defendants, and each of them violating the FAIR CREDIT REPORTING ACT as codified at 15 U.S.C. SECTION 1681 ET.SEQ., Ms. Lee has suffered actual damages, including emotional distress, damage to credit reputation, shame, humiliation and disgrace. As a direct and proximate cause of these violations, Ms. Lee is entitled to an award of statutory damages, actual damages, costs, and attorney's fees, in an amount to be proven at trial.

## VII.

## THIRD CAUSE OF ACTION

## (UNFAIR BUSINESS PRACTICE ACTS)

## (California Business & Professions Code Section 17200)

## AS APPLIED TO ALL DEFENDANTS

24. Plaintiff realleges and incorporates by reference paragraphs 1 through 23 as though set forth in full hereat.

25. Ms. Lee brings this action in her individual capacity and on behalf of the general public. Defendants, and each of them acting as agent for the others, are and at all times relevant to this Complaint, were engaged in the business of collections.

26. Commencing in or around September 2005 and continuing to the present, defendants, and each of them acting as agent for the others committed the acts of unfair practices as defined by Business and Professional Code section 17200 and described in the above stated Causes of Action.

27. Defendants' acts and practices described above were and are likely to mislead the general public and therefore constitute misleading and unfair practices within the meaning of Business and Professions Code section 17200. The acts and practices were and are likely to mislead the general public in that they constitute violations of Civil Code sections 1770 et seq., 1788 et seq., 15 U.S.C. 1692 et.seq, and 15 U.S.C. 1681 et seq.

28. These unfair and unlawful business practices of defendants are likely to continue and therefore will continue to injure and mislead the public by inaccurate record keeping, failure to correct inaccuracies and erroneous dissemination of inaccurate information, and present a continuing threat to the public.

29. Plaintiff is an interested person within the meaning of Section 17204 of the California Business and Profession Code, because she is a victim of Defendants' unlawful, unfair, and fraudulent business practices by reason of the facts alleged herein.

30. The Defendants practices are in violation of Business and Professions Code Section 17200. Unless restrained, Defendants, and each of them, will continue to engage in such unfair, unlawful, and fraudulent business practices.

31. Defendants, and each of them, as well as their respective officers, agents, servants, and employees, should be restrained pursuant to section 17203 of the California Business and Professions Code, from employing any of the unlawful, unfair, and fraudulent business practices alleged in this Complaint.

32. Defendants, and each of them should be ordered under section 17203 of the California Business and Professions Code to make restitution to Plaintiff and all other's similarly deceived by defendants, of any and all money or property or proceeds which they have acquired from their use of the unlawful practices described above.

33. Plaintiff and all other similarly situated are without an adequate remedy at law and will suffer irreparable damage if defendants are not enjoined from pursuing their unlawful practices.

## VIII.
## FOURTH CAUSE OF ACTION
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
## AS APPLIED TO ALL DEFENDANTS

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 34 as though set forth in full hereat.

35. Defendants, knowingly and intentionally began a pattern and practice of gross violation of Ms. Lee's statutory rights, for the sole purpose of collecting a debt know to defendants not to be owed by her.

36. Defendants, and each of them, acting as agents for the others, above-described conduct was so severe and outrageous that as a proximate result, Ms. Lee's credit rating has been harmed, among other injuries.

37. As a direct and proximate cause of these outrageous acts of Defendants, Plaintiff has suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress and defamation of character.

38. As a further direct and proximate result of willful, untrue and knowingly acts and communication by the defendants, Ms. Lee suffered damages and incurred costs and expenses in an amount to be determined at trial, and based on defendant's malicious conduct, Ms. Lee requests punitive damages in an amount to be determined at trial.

/////

## IX.

## FIFTH CAUSE OF ACTION

## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

## AS APPLIED TO ALL DEFENDANTS

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as though set forth in full hereat.

40. Defendants, knowingly and intentionally began a pattern and practice of gross violation of Ms. Lee's statutory rights, for the sole purpose of collecting a debt known by defendants not to be owed by her.

41. Defendants and each of them, acting as agent for the others, above-described conduct was so severe and outrageous that as a proximate result, Ms. Lee suffered damage to her credit reputation among other damages.

42. As a direct and proximate cause of these outrageous acts of Defendants, Plaintiff has suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress and defamation of character.

43. As a further direct and proximate result of willful, untrue and knowingly acts and communications by the defendants, Ms. Lee suffered damages and incurred costs and expenses in an amount to be determined at trial, and based on defendant's malicious conduct, Ms. Lee requests punitive damages in an amount to be determined at trial.

## X.

## PRAYER

**WHEREFORE**, plaintiff respectfully request that judgment be entered against all Defendants as follows:

(1) Actual damages according to proof;

(2) Exemplary and punitive damages according to proof;

(3) Statutory damages and penalties;

(3) Costs of Suit;

1  (4) Reasonable Attorney's Fees; and,

2  (5) For such other and further relief as to the court seems just and proper.

3

4

5  DATED: June 27, 2008

6

7                                By: _____
                                        DEBORAH E. BRADY-DAVIS, ESQ.
8                                       Attorney for Plaintiff
                                        CHERYL LEE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CHERYL R. LEE

**(b)** County of Residence of First Listed Plaintiff **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
DEBORAH E. BRADY-DAVIS, ESQ., 3322 Sweetwater Springs Blvd., Suite 208, Spring Valley, CA 91977 (619) 660-2333

## DEFENDANTS
LVNV FUNDING, LLC, PROVIDIAN VISA, ESKANOS & ADLER, and DOES 1-25, inclusive

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

FILED
08 JUL -9 PM 12: 46
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

'08 CV 1225 H AJB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC Section 1692, et seq. and 15 USC Section 1681, et seq.
Brief description of cause:
Violation of Fair Debt Collection Practices Act and Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 06/27/2008
SIGNATURE OF ATTORNEY OF RECORD: Deborah E. Brady-Davis, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # 152807   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

TAC 7/9/08

```
         UNITED STATES
         DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

         # 152807      - TC

          July 09, 2008
            12:49:53


          Civ Fil Non-Pris
   USAO #.: 08CV1225
   Judge..: MARILYN L HUFF
   Amount.:              $350.00 CK
   Check#.: BC1195



         Total-> $350.00



   FROM: CHERYL R. LEE
         VS
         LVNV FUNDING, LLC PROVIDIAN VI
```